UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, <br> TDCJ #472216, <br><br> Petitioner, <br><br> vs. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-20-2111 |

## MEMORANDUM AND ORDER

State inmate Jesse Lee Drones (TDCJ #472216) has filed a hand-written pleading that challenges the calculation of his prison sentence [Doc. # 1]. The submission is construed as a petition for a writ of habeas corpus from a state prisoner under 28 U.S.C. § 2254. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for reasons explained briefly below.

**I.    BACKGROUND**

Public records available from the Texas Department of Criminal Justice ("TDCJ") reflect that Drones was convicted in Harris County and sentenced to 35

years' imprisonment in three separate cases for offenses committed in 1987, including burglary of a habitation with intent to commit sexual assault (Cause No. 488772), burglary of a habitation with intent to commit theft (Cause No. 486204), and aggravated robbery with a deadly weapon (Cause No. 486228).[1] Subsequently, Drones was convicted in Walker County and sentenced to an additional 15 years' imprisonment for assault on a public servant that was committed in 1998 (Cause No. 20,028-C).[2]

Drones does not challenge the validity of his underlying convictions, which have been upheld on state and federal habeas review. *See Drones v. Quarterman*, No. H-07-2462, 2007 WL 2461827, at *1 (S.D. Tex. Aug. 23, 2007) (summarizing some of the previous challenges raised by Drones to his underlying convictions). Although his present submission is difficult to decipher, Drones appears to claim that his continued confinement is unlawful because prison officials have incorrectly calculated the "calendar time" he has served on the 35-year sentence that he received for aggravated robbery in Harris County Cause No. 486228 [Doc. # 1, at 1-2]. The petition must be dismissed because Drones has not presented this claim previously in state court as required by the applicable federal habeas corpus statutes.

---

[1] *See* TDCJ Offender Information, at https://offender.tdcj.texas.gov (last visited June 23, 2020).

[2] *See id.*

## II.    DISCUSSION

A state prisoner must first exhaust all available state court remedies before seeking habeas review in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C).

To exhaust remedies as required a Texas prisoner who wishes to challenge the calculation of his time credits typically must first present his claims to a prison "dispute resolution" tribunal and then challenge the result by filing an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure with the sentencing court. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *see also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (observing that Texas law requires prisoners with a time-credit dispute to seek administrative review "and wait until they receive a written

decision or until 180 days elapse before filing a state habeas application"). Public records available from the Harris County District Clerk's Office reflect that Drones not filed a state habeas corpus application since 2016, and that he has not challenged the calculation of the sentence he received in Cause No. 486288.[3] Because state process remains available, the petition is not yet exhausted and Drones does not satisfy any statutory exception to the exhaustion doctrine. Therefore, this action must be dismissed as premature for lack of exhaustion.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Jesse Drones [Doc. # 1] is **DISMISSED** without prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on __June 24_____, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] *See* Harris County District Clerk's Office website: https://www.hcdistrictclerk.com (last visited June 23, 2020).